# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina ▼

Greensboro Division

| | | |
|---|---|---|
| Robert J Clinton III | ) | Case No. **25cv396** |
| | ) | |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| David Carpenter & Stella Marie, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Robert J Clinton III |
| Street Address | 315 S Mendenhall St Apt A |
| City and County | Greensboro - Guilford County |
| State and Zip Code | North Carolina, 27403 |
| Telephone Number | (336)215-4128 |
| E-mail Address | rclinton5280@yahoo.com |

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Defendant No. 1

| | |
|---|---|
| Name | David Carpenter |
| Job or Title *(if known)* | Landlord |
| Street Address | 1331 W Friendly Ave |
| City and County | Greensboro - Guilford County |
| State and Zip Code | North Carolina, 27403 |
| Telephone Number | (919)370-0779 |
| E-mail Address *(if known)* | thelitebright@yahoo.com |

Defendant No. 2

| | |
|---|---|
| Name | Stella Marie LLC |
| Job or Title *(if known)* | Limited Liability Company |
| Street Address | 1331 W Friendly Ave |
| City and County | Greensboro - Guilford County |
| State and Zip Code | North Carolina, 27403 |
| Telephone Number | (919)370-0779 |
| E-mail Address *(if known)* | thelitebright@yahoo.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question                                   ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.      If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
This case arises under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution. The Defendants intentionally deprived Plaintiff of his right to due process by initiating and advancing eviction proceedings without providing the required legal notice, failing to allow Plaintiff to post an appeal bond, and misusing state procedures in a way that resulted in the unlawful deprivation of Plaintiff's housing and property.

### B.      If the Basis for Jurisdiction Is Diversity of Citizenship

1.      The Plaintiff(s)

     a.       If the plaintiff is an individual

       The plaintiff, *(name)* _____ , is a citizen of the

       State of *(name)* _____ .

     b.       If the plaintiff is a corporation

       The plaintiff, *(name)* _____ , is incorporated

       under the laws of the State of *(name)* _____ ,

       and has its principal place of business in the State of *(name)*

       _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

     a.       If the defendant is an individual

       The defendant, *(name)* _____ , is a citizen of

       the State of *(name)* _____ . Or is a citizen of

       *(foreign nation)*

Case 1:25-cv-00396-WO-JGM     Document 1     Filed 05/20/25     Page 3 of 15

b.  If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

This action arises from the egregious and deliberate abuse and misuse of the process of law by Defendant David Carpenter, whose actions demonstrate a reckless disregard for, and intentional violation of, Plaintiff's fundamental rights under the Fourteenth Amendment to the United States Constitution. Defendant Carpenter has intentionally and consistently made false claims to manipulate state eviction procedures, achieve the unlawful ouster of Plaintiff from his established residence, and inflict maximum harm and distress. (continued on attachment labeled Statement of Claim.)

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I respectfully request that the court :

1. Grant Plaintiffs Motion for a Preliminary Injunction, immediately restoring him to possession of Unit A at 315 S. Mendenhall St., Greensboro, NC.

2. Grant Plaintiffs Motion for a Preliminary Injunction, invalidating the Writ of Possession issued by the Guilford County District Court on April 28, 2025.1

3. Grant Plaintiff a Permanent Injunction ensuring his continued right to reside in Unit A at 315 S. Mendenhall St., Greensboro, NC, and preventing Defendant David Carpenter, his agents, employees, and assigns, from taking any further action to interfere with Plaintiff's peaceful enjoyment and possession of the premises.

4. Awarding Plaintiff monetary damages in an amount to be determined at trial.

(contiued on document labeled Statement of Claim under heading Prayer for Relief)

V.   **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           05/20/2025

Signature of Plaintiff        /S/ Robert J Clinton III

Printed Name of Plaintiff     Robert J Clinton III

B.   **For Attorneys**

Date of signing:

Signature of Attorney         _____

Printed Name of Attorney      _____

Bar Number                    _____

Name of Law Firm              _____

Street Address                _____

State and Zip Code            _____

Telephone Number              _____

E-mail Address                _____

Page 5 of 5

# III. Statement of Claim

## A. Statement of Facts

1. On September 16, 2024, Defendant David Carpenter solicited Plaintiff for a painting and restoration estimate. Following a property walkthrough at 315 S. Mendenhall St., Greensboro, NC, on September 19, 2024, Plaintiff provided a detailed scope of work via email, which Defendant orally approved, instructing Plaintiff to commence work on September 23, 2024.
2. Between September 20 and 22, 2024, Plaintiff and Defendant Carpenter arranged for lead testing at the property, which yielded negative results on the morning of September 23, 2024. Due to weather-related delays in exterior painting, Plaintiff began interior preparations, placing his tools and materials in Units C and D, and notified Defendant via text message of his intention to move his personal belongings into Unit A.
3. On September 24, 2024, Plaintiff discovered unforeseen residual ceiling texture requiring scraping and drywall repair, work outside the initial project scope. When Plaintiff requested additional compensation for this unexpected labor, Defendant Carpenter threatened to terminate Plaintiff's housing arrangement and bar him from the entire project unless the extra work was performed at no additional cost. Under duress, Plaintiff completed the scraping and repairs on September 25, 2024, and the work progressed.
4. On October 1, 2024, as Plaintiff began exterior work, he found that approximately 75% of the existing caulking needed removal, significantly exceeding the initial estimate. Upon informing Defendant, Carpenter accused Plaintiff of exploiting the agreement and threatened project termination. Again, under pressure, Plaintiff agreed to perform the additional removal and replacement without further compensation.
5. Throughout the project, Plaintiff consistently communicated concerns and changes to the scope of work in writing. In contrast, Defendant Carpenter typically responded to negative issues orally and increasingly employed personal and confrontational language in his communications with Plaintiff.
6. On or about October 5, 2024, Plaintiff and Defendant Carpenter reached a supplemental agreement wherein Plaintiff would perform additional work, including installing dental molding, soffits, fascia, and gutters, for a cash payment of $2,400 and the long-term, rent-free occupancy of Unit A. The fair market value of these services ranged between $5,025 and $9,600.

7. On or about October 7, 2024, the work agreement was further expanded to include substantial interior renovations in Units A and B and the stairwell. This additional labor involved scraping approximately 2,000 square feet of popcorn texture from ceilings, repairing significant water damage to ceilings and walls with drywall compound, and resurfacing these areas with one primer coat and one finish coat. Additionally, all walls in Unit B received two coats of paint, and the hallway walls were painted with two coats. Plaintiff also repaired substantial pre-existing damage to the walls of both units and filled several new holes cut in the walls at Defendant's request. These extensive additional renovations were performed in exchange for long-term occupancy, representing services with a significant retail market value (see Exhibit C).

8. Despite the established agreement for long-term occupancy in exchange for Plaintiff's labor and cash payment, Defendant Carpenter engaged in escalating interference and harassment directed at Plaintiff within Unit A.

9. On November 19, 2024, Defendant Carpenter unlawfully entered Plaintiff's apartment. Upon entering, Plaintiff instructed Defendant to leave a check on the counter. Defendant complied but then proceeded to Plaintiff's bedroom door, physically blocking Plaintiff inside, raising his voice, and attempting to engage in a personal conversation despite knowing Plaintiff was distressed due to his brother's recent overdose. This encounter caused Plaintiff significant distress.

10. On November 20, 2024, Plaintiff formally notified Defendant Carpenter in writing of his tenant rights and stated his refusal to engage in further in-person or phone communication due to the ongoing harassment.

11. Subsequently, Defendant Carpenter swore out a criminal trespass warrant against Plaintiff, which resulted in Plaintiff's arrest.

12. Following Plaintiff's arrest and during his incarceration, Defendant Carpenter unlawfully changed the locks on Unit A, effectively ousting Plaintiff from his residence.

13. Upon Plaintiff's release, law enforcement officers accompanied him to the unit to retrieve his belongings, and upon explicitly confirming Plaintiff's legal right to be on the property assisted Plaintiff in regaining possession of the keys. These supervising officers informed Defendant Carpenter that Plaintiff had no legal basis to deny Plaintiff access.

14. On or about December 30 or 31, 2024, Defendant Carpenter initiated a civil summary ejectment action against Plaintiff in Guilford County District Court.

15. Prior to the summary ejectment hearing, the criminal trespass charge against Plaintiff was dismissed, further affirming Plaintiff's right to be on the property.

16. Plaintiff received notice of the summary ejectment hearing, scheduled for February 17, 2025, via regular mail from Defendant's attorney on February 12, 2025. State

17. On February 17, 2025, prior to the summary ejectment hearing, Plaintiff's Motion to Stay the Proceedings and subpoena for camera footage were perfected and served correctly. However, these motions were summarily dismissed by Judge Stafford on a technicality, specifically because the certificate of service had not been filed simultaneously with the motions due to time constraints, despite the certificate being filed with the clerk prior to the court hearing. Defendant Carpenter was represented by the Cooper Legal Firm, whose office is located in Concord, NC.

18. On February 17, 2025, Plaintiff testified under oath before Judge Stafford regarding the labor-for-long-term-occupancy agreement and presented supporting evidence. The Cooper Legal Firm, representing Defendant Carpenter, presented no evidence demonstrating that Plaintiff had violated any laws, rules, or terms that would constitute grounds for eviction. Furthermore, to successfully claim transient occupancy and avoid standard landlord-tenant law, Defendant Carpenter had a legal obligation to demonstrate that the arrangement was specifically intended to be short-term. Defendant Carpenter presented no such proof, as no such intention or agreement existed. Despite the lack of evidence from Defendant Carpenter and the evidence presented by Plaintiff, Judge Stafford ignored Plaintiff's testimony and evidence and issued a ruling granting the summary ejectment.

19. On March 10, 2025, Plaintiff appeared before Judge Reese in an attempt to stop the proceedings with a motion styled as Rule 60. Defendant Carpenter was represented by attorney Stephanie Cooper of the Cooper Legal Firm at this hearing. Plaintiff informed Judge Reese that there was a clear error of law, as the judge, the police, and attorneys had all affirmed Plaintiff's rights as a tenant, and that Plaintiff had been found not guilty of trespassing in criminal court, effectively establishing his tenancy by default. Judge Reese refused to accept the motion, citing that it would overrule another *Superior Court* judge's ruling.

20. Plaintiff's subsequent Motions to Stay the Proceedings were denied, and the state court entered an order of possession on March 11, 2025. Plaintiff requested an appeal bond in court on February 17, 2025, and inquired with court clerks about obtaining one in the days following, but received no response, effectively preventing Plaintiff from pursuing an appeal.

21. On April 22, 2025, Plaintiff appeared before Judge Stafford again to present another Motion to Stay the Proceedings, which Judge Stafford denied. Subsequently, on April 28, 2025, a Writ of Possession was issued, served only by attorney mail, in violation of proper service requirements. The Sheriff provided no notice of the writ's execution under N.C. Gen. Stat. § 42-36.2(a), further depriving Plaintiff of due process.

22. As a direct result of the unlawful eviction proceedings and Defendant Carpenter's actions, Plaintiff was forced to vacate the premises on or about May 15, 2025. Plaintiff's vehicle remains on the property with no alternative place to park, exacerbating his hardship. The severe emotional distress caused by Defendant Carpenter's actions has necessitated seeking treatment from a psychiatrist and has resulted in severe depression and significant financial losses due to Plaintiff's impaired ability to work effectively.

# IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order:

1. Granting Plaintiff's Motion for a Preliminary Injunction, immediately restoring him to possession of Unit A at 315 S. Mendenhall St., Greensboro, NC.
2. Granting Plaintiff's Motion for a Preliminary Injunction, invalidating the Writ of Possession issued by the Guilford County District Court on April 28, 2025.
3. Granting Plaintiff a Permanent Injunction ensuring his continued right to reside in Unit A at 315 S. Mendenhall St., Greensboro, NC, and preventing Defendant David Carpenter, his agents, employees, and assigns, from taking any further action to interfere with Plaintiff's peaceful enjoyment and possession of the premises.
4. Awarding Plaintiff monetary damages in an amount to be determined at trial.
5. Awarding Plaintiff punitive damages for the Defendant's willful and malicious conduct.
6. Awarding Plaintiff his costs of this action, including filing fees.
7. Granting such other and further relief as the Court deems just and equitable.

# Exhibit A



# North Carolina Court of Appeals

EUGENE H. SOAR, Clerk

Phone: (919) 831-3600
Web: https://www.nccourts.gov

Court of Appeals Building
One West Morgan Street
Raleigh, NC 27601

Mailing Address:
P. O. Box 2779
Raleigh, NC 27602

Date: 14 May, 2025
Invoice #: **V042043025**
Receipt #: **R052018625**

Robert J. Clinton, III
Pro Se
315 S. Mendenhall Street
Apt. A
Greensboro, NC 27403



## Case: P25-290   Carpenter v. Clinton

This statement is for charges in the above named case.

| Payment Date | Description | Pages | Amount Charged | Amount Paid | Check Number |
|---|---|---|---|---|---|
| 2025-05-14 | Pre Docket Fees | 10.00 | | 10.00 | m/o19-710836498 |
| Total: | | 10.00 | | 10.00 | |
| Balance: | | 0.00 | | | |



# Exhibit B

# STATE OF NORTH CAROLINA

**File No.**
24CV028682-400

**Scan No.(s) (official use only)**

GUILFORD County

In The General Court Of Justice
☐ Small Claims  ☐ District  ☒ Superior Court Division

*Name And Address Of Plaintiff*
David Carpenter
c/o Cooper Legal Firm, PC
5620 Concord Parkway S, Suite 103
Concord,                    NC        28027

## WRIT OF POSSESSION
## REAL PROPERTY

G.S. 1-313(4), 42-36.2

**VERSUS**

*Name And Address Of Defendant 1*

Robert Clinton
315 S Mendenhall Street, Unit A
Greensboro,              NC        27403

*Name And Address Of Defendant 2*

**To The Sheriff Of** _____ Guilford _____ **County:**

A judgment in favor of the plaintiff was rendered in this case for the possession of the real property described below and you are commanded to remove the defendant(s) from, and put the plaintiff in possession of, those premises.

*Description Of Property (include location)*
315 S Mendenhall Street, Unit
Greensboro, NC 27403

| *Date Of Judgment* | *Date Writ Issued* 4/28/2025 8:14:41 am |
|---|---|
| 03/11/2025 | *Signature*  /s/ Ginger Keever |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

(Over)

AOC-CV-401, Rev. 8/17
© 2017 Administrative Office of the Courts

# Exhibit C

Retail Market Value of Renovation Services Added to The Scope of Work

This is the list of services agreed on by the parties that were not included in the original scope of work. All of these were performed at the time of the Defendant's trespassing. The only aspect of the project that wasn't completed was the trim painting, which had been partially completed. The difference in value between what is shown here and the $8,000 Plaintiff agreed to accept is the labor given in lieu of rent.

| Description | Low | Mid | High | Notes |
|---|---|---|---|---|
| Exterior Work (Dental Molding, Soffits, Fascia & Gutters | $5,025 | $6,100 | $9,600 | 400 linear ft, 100 ft of gable ends and vents |
| Popcorn Ceiling Removal (Units A & B, Stairwell - Approx. 2,000 sq ft) | $2,000 | $4,000 | $6,000 | Included detailed cleaning |
| Significant Water Damage Repair (4 Rooms: 800 sq ft Wallboard) | $3,200 | $4,800 | $6,400 | Includes tape, mud, and 3 coats of drywall application on 800 sq ft. Extensive water damage |
| Ceiling Resurfacing (Drywall Compound - Approx. 2,000 sq ft) | $2,000 | $4,000 | $6,000 | Required multiple applications |
| Ceiling Priming & Finish Coat (Approx. 2,000 sq ft) | $2,000 | $4,000 | $6,000 | |
| Hallway Two-Coat Painting (Approx. 500 sq ft) | $1,000 | $1,500 | $2,000 | |

| | | | | |
|---|---|---|---|---|
| Unit B Two-Coat Painting (Approx. 900 sq ft) | $1,500 | $2,250 | $3,000 | |
| Trim Painting (Approx. 425 lf) | $425 | $850 | $1,275 | |
| Repair of Holes Cut in Drywall Post-Repair (8 holes) | $1,600 | $2,400 | $3,200 | Cost for repairing the 8 holes cut by the defendant after Plaintiff completed drywall preparation. |
| Estimated Total Value | $20,750 | $29,900 | $43,475 | Total reflects the range of estimates for listed services, including the estimated cost to repair the holes cut post-repair. |